Thursday, March 17. The Judges delivered their opinions.
Judge Tucker.
The sole question in this cause is, whether if a deed of mortgage contain a covenant to pay Interest annually, if lawfully demanded ; and that in case of failure, the mortgagee may at all times, after default shall be made in the performance of the proviso or condition, of the mortgage, enter into the premises ; and further, that until default, the mortgagor shall hold the premises ; it is incumbent on the mortgagee to prove a demand of interest in arrear, before he can maintain an ejectment ?
There can be no doubt, that the condition to pay interest annually, imposes upon the debtor in case of a mortgage, the duty and necessity of finding out his creditor, and paying or tendering him the money on the day it becomes due, if he would avoid the forfeiture of his estate, unless there be some further stipulation or agreement, between the parties, whereby this general rule of law may be waived. As if the agreement be to pay the interest at a certain place, and at a certain hour ; in that case the mortgagor is not bound to go to any other place, nor to stay beyond the hour agreed upon. Because here the mortgagee, or creditor has waived the privilege of being sought wherever he may be within the state.(a) So may he waive by his own agreement, the privilege of being sought at any par *98 ticular time or place, by an agreement that no forfeiture shall be incurred, until a demand be made. In this case, if he would take an advantage of the condition to enter into the lands in default of payment of the interest, it is incumbent on him to prove a demand of it. I will not say whether the demand in such a case ought to be made upon the mortgaged premises, since the case does not require that question to be decided. But I am clearly of opinion, upon this bill of exceptions that the plaintiff ought to have proved a demand, or at least that he had sought the defendant upon the mortgaged premises, and could not find him to demand the money of him personally. I am, therefore, of opinion, that the judgment be reversed, and a new trial awarded; with directions to the Court to instruct the Jury accordingly.
Judge Roane.
The principal money due by the mortgage, in this case, was payable on or before the first day of January, 1802, with interest yearly and every year from the first of January, 1792. The lease declared upon is of the first of January, 1801, and the entry made in pursuance thereof is stated to have been on the same day.
•At the time of the lease and entry, therefore, the principal money was not due, and tire forfeiture which is set up, is not predicated upon its non-payment with the interest: it is predicated upon the non-payment of some of the annual interest reserved by the deed.
Admitting the general law to be as the appellee’s counsel has stated it, the maxim modus ei comoentio vincunt legem, overrules it as applying to this case. It was covenanted that the interest should be paid yearly and every year until the principal became due: but inasmuch as this might be too rigorous and too troublesome in relation to the debtor, and no object with the creditor, it was further agreed, that the non-payment of the interest annually should be no cause of forfeiture, and give no right cf entry, unless such interest was " larwfully demanded” This *99 construction, which is sufficiently apparent on the face of the deed, is confirmed by the consideration, that the words “ if lawfully demanded",” were interlined after the agreement had been originally written, as if to exclude all doubt upon the subject.
I am therefore of opinion, that the instruction of the District Court was erroneous, and that the judgment should be reversed.
Judge Fleming.
This suit was brought for a forfeiture Incurred by the non-payment of interest before the principal debt, which the mortgage was intended to secure, became due, so that the forfeiture respected the interest only; and there being an express stipulation or proviso, that the annual interest should be lawfully demanded, before a forfeiture could be incurred, and no such demand having been proved at die trial, though required by the defendant, the Court erred in giving judgment for the plaintiff; I therefore concur in opinion, that the judgment be reversed.
The following was entered as the judgment of the Court t u That it was incumbent on the appellee to prove a demand “ of the appellant for payment of the interest in the bill of u exceptions mentioned prior to the commencement of his <£ suit, and that the District Court erred in instructing the “ Jury, that proof of such demand was not necessary.”
Judgment of the District Court reversed, with instructions, &c.

 Litt. sect. 340, 341.